# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
UNITED STATES OF AMERICA,     : 24-cr-00270-LDH-JRC
                              :
                              :
    - versus -                : U.S. Courthouse
                              : Brooklyn, New York
JONTAY PORTER,                :
                              : July 10, 2024
              Defendant       : 1:34 p.m.
------------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
AND PLEADING
BEFORE THE HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE


**A  P  P  E  A  R  A  N  C  E  S:**


<u>**For the Government**</u>:     **Breon S. Peace, Esq.**
                         United States Attorney

                  BY:    **Benjamin Weintraub, Esq.**
                         **Kaitlin T. Farrell, Esq.**
                         **David I. Berman, Esq.**
                         Assistant U.S. Attorneys
                         271 Cadman Plaza East
                         Brooklyn, New York 11201


<u>**For the Defendant**</u>:     **Jeffrey Jensen, Esq.**
                         **Eric Ryan Olson, Esq.**
                         Husch Blackwell
                         8001 Forsyth Blvd, Suite 1500
                         St. Louis, MO 63105



<u>**Transcription Service**</u>:  **Transcriptions Plus II, Inc.**
                         61 Beatrice Avenue
                         West Islip, New York 11795
                         RL.Transcriptions2@gmail.com



Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

                                                                    2
                              Proceedings

 1              THE DEPUTY:  Criminal Cause for an Arraignment

 2    and Plea Hearing, case number 24-cr-270, *United States v.*

 3    *Jontay Porter*.

 4              Counsel, please state your name for the record

 5    beginning with the government, then defendant, then

 6    Pretrial Services.

 7              MR. WEINTRAUB:  Good afternoon, your Honor.

 8    Benjamin Weintraub, Kaitlin Farrell, and David Berman for

 9    the United States.

10              MR. JENSEN:  Good afternoon, your Honor.  Jeff

11    Jensen and Ryan Olson on behalf of Jontay Porter.

12              THE COURT:  All right.  Good afternoon,

13    everyone.  Please be seated.  Remain seated during

14    today's conference.  All right?

15              THE CLERK:  Pretrial Services?

16              THE COURT:  Sure.  Pretrial Services?

17              PRETRIAL OFFICER:  Good afternoon, your Honor.

18    Meghan Baio, Pretrial Services.

19              THE COURT:  All right.  Good afternoon,

20    everyone.  Thanks for being patient.

21              Just to confirm, are you Mr. Porter?

22              THE DEFENDANT:  Yes, your Honor.

23              THE COURT:  All right.  I'm Judge Cho.  How are

24    you doing?

25              THE DEFENDANT:  I'm doing good.  How are you?

3

Proceedings

1          THE COURT:  Fine.  All right.  Now, Mr. Porter,

2    if at any point in time during these proceedings you

3    don't understand fully what's going on or you need me to

4    explain anything further, please let me know.  Okay?

5          THE DEFENDANT:  Yes, Judge.

6          THE COURT:  And if at any point in time you

7    want to take a break or speak with your lawyer, just let

8    me know and we'll take that break for you.  Okay?

9          THE DEFENDANT:  Okay.

10          THE COURT:  Now, it is my understanding that we

11    are here today for the defendant to waive indictment and

12    enter a guilty plea.  Mr. Porter, I'm advised by your

13    attorney that that is your intention here today.  Is that

14    correct?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  All right.  Now, this is a very

17    serious decision and I have to make sure that you

18    understand all of your rights and the consequences of any

19    waiver of indictment and guilty plea as well.  I will

20    have to ask you some questions and I'll require that your

21    answers be made under oath.  So at this time my courtroom

22    deputy will swear you in.  Okay?

23          THE DEPUTY:  Please stand and raise your right

24    hand.

25    J O N T A Y   P O R T E R,

4

Proceedings

1      called as a witness, having been first duly sworn,

2      was examined and testified as follows:

3              THE COURT:  Mr. Porter, do you understand that

4      having been sworn your answers to my questions will be

5      subject to the penalties of perjury or of making a false

6      statement if you do not answer truthfully.  Do you

7      understand that?

8              THE DEFENDANT:  Yes, Judge.

9              THE COURT:  That means that if you answer

10     falsely to any of my questions, the government may

11     prosecute you for perjury or making a false statement and

12     may use any of your false statements today during that

13     prosecution.  Do you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Now, Mr. Porter, I first want you

16     to understand that this is Judge DeArcy Hall's case.  She

17     is the judge who will sentence you and make the ultimate

18     decision as to whether to accept your guilty plea or not.

19             If you wish, you have the absolute right to

20     plead guilty before Judge DeArcy Hall and there'll be no

21     prejudice to you at all.  Or if you wish, I will listen

22     to your plea.  A transcript will be made by a court

23     reporter and Judge DeArcy Hall will review the transcript

24     in connection with your sentence.  Do you understand all

25     that?

5

Proceedings

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you wish to give up your right

3   to have Judge DeArcy Hall hear your plea and instead

4   proceed before me today?

5          THE DEFENDANT:  Yes.

6          THE COURT:  I have before me a document

7   entitled Consent to Have a Plea Taken Before a United

8   States Magistrate Judge, Judge Cho.  It has today's date

9   on it, July 10, 2024.  I'm going to hand it down and ask

10   you to confirm the signatures on here.  Starting with

11   you, Mr. Jensen, is that your signature on the form?

12          MR. JENSEN:  Yes, your Honor.

13          THE COURT:  All right.  And Mr. Porter, is that

14   your signature as well?

15          THE DEFENDANT:  Yes.

16          THE COURT:  All right.  Let me turn to the

17   government.  Mr. Weintraub, you signed the form as well,

18   correct?

19          MR. WEINTRAUB:  Yes, your Honor.

20          THE COURT:  All right.  Whoever has their cell

21   phone, can you turn off?  All right, thank you.

22          All right.  Now, Mr. Porter, before signing

23   this consent form, did you have the chance to discuss

24   this consent form with your lawyer?

25          THE DEFENDANT:  Yes.

6

Proceedings

1          THE COURT:  All right.  And have you made a
2   decision to proceed before me today?
3          THE DEFENDANT:  Yes.
4          THE COURT:  All right.  Now, did you make this
5   decision voluntarily and of your own free will?
6          THE DEFENDANT:  I do.
7          THE COURT:  All right.  Has anyone threatened
8   you or have any promises been made to you to induce you
9   to plead before me?
10          THE DEFENDANT:  No.
11          THE COURT:  All right.  At this time, Emma, why
12   don't you grab the form?  At this time I find that the
13   defendant is aware of his right to proceed before the
14   District Court Judge and is knowingly and willingly
15   consenting to have the plea taken before me today.
16   Having confirm the signatures, I will go ahead and
17   endorse the form.
18          Now, Mr. Porter, before accepting your plea,
19   there are a number of questions I must ask you to assure
20   myself that this plea is valid.  If you do not understand
21   any of my questions, please say so, and I'll rephrase the
22   question.  Okay?
23          THE DEFENDANT:  Yes, your Honor.
24          THE COURT:  What is your full name?
25          THE DEFENDANT:  Jontay Porter.

7

                        Proceedings

1           THE COURT:  And how old are you?

2           THE DEFENDANT:  24.

3           THE COURT:  What schooling or education have

4    you had?

5           THE DEFENDANT:  I am currently enrolled in

6    college classes, so I guess I graduated high school.

7           THE COURT:  All right.  And you are able to

8    speak and understand English, correct?

9           THE DEFENDANT:  I can, yeah.

10          THE COURT:  Are you under the care of a doctor

11   or a psychiatrist for any reason?

12          THE DEFENDANT:  No.

13          THE COURT:  All right.

14          THE DEFENDANT:  I'm sorry, I'm under the care

15   of a therapist.  I'm not sure if that's a psychiatrist.

16          THE COURT:  Okay.  Is that for counseling?

17          THE DEFENDANT:  Yes.

18          THE COURT:  All right.  Are the reasons for

19   your counseling in any way impairing your ability to

20   understand what's going on here today?

21          THE DEFENDANT:  No, Judge.

22          THE COURT:  Okay.  Now, in the past 24 hours,

23   have you taken any drugs, medicine, or pills, or drunk

24   any alcoholic beverages?

25          THE DEFENDANT:  No.

8

Proceedings

1          THE COURT:  All right.  Have you ever been

2   hospitalized or treated for any drug addiction,

3   alcoholism, or mental or emotional problems?

4          THE DEFENDANT:  No.

5          THE COURT:  All right.  As you sit here --

6          MR. JENSEN:  Your Honor?

7          THE COURT:  Yes, go ahead.

8          MR. JENSEN:  If you don't mind if I interject?

9   Could we back up a little bit --

10          THE COURT:  Sure.

11          MR. JENSEN:  -- just for clarification sake?

12          THE DEFENDANT:  I'm sorry.  I haven't been

13   hospitalized but I have been to -- I've been an inpatient

14   at a rehab facility for gambling.

15          THE COURT:  Okay.  Are you still going to that

16   rehab at this time?

17          THE DEFENDANT:  Aftercare.  That's the

18   therapist.

19          THE COURT:  Okay.  All right.  Have you been

20   hospitalized for any other reason?

21          THE DEFENDANT:  No.  No mental stuff.

22          THE COURT:  Okay.  As you sit here today, is

23   your mind clear?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  All right.  Do you understand

9

Proceedings

1  what's going on here today?

2          THE DEFENDANT:  I do.

3          THE COURT:  All right.  Do you understand

4  everything I've asked you so far?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  All right.  Now, Mr. Porter, as a

7  defendant in a criminal case, you have a number of

8  rights.  I'd like to go over first your right to counsel.

9  As a defendant in a criminal case, you have the right to

10  be represented by an attorney at any stage of your

11  criminal case from when you are arrested through trial

12  and appeal.  If you cannot afford an attorney, the Court

13  will appoint an attorney to represent you.  Do you

14  understand your right to counsel?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Is Mr. Jensen, who's seated next to

17  you, is he your lawyer?

18          THE DEFENDANT:  He is.

19          THE COURT:  All right.  If at any time you wish

20  to consult with him regarding anything, please let us

21  know and I'll permit you to do so.  Do you understand?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Have you had any difficulty

24  communicating with your lawyer?

25          THE DEFENDANT:  No.

10

Proceedings

1          THE COURT:  Have you had enough time to discuss
2   with your lawyer your decision to enter a plea of guilty
3   in this case?
4          THE DEFENDANT:  I have.
5          THE COURT:  All right.  Are you fully satisfied
6   with the representation and advice your attorney has
7   provided to you so far?
8          THE DEFENDANT:  Yes, I am.
9          THE COURT:  Now, turning to Mr. Jensen.  Have
10  you discussed this matter fully with your client?
11         MR. JENSEN:  Yes, your Honor.
12         THE COURT:  And have you had any difficulty in
13  communicating with your client as well?
14         MR. JENSEN:  No, your Honor.
15         THE COURT:  Or I'm sorry, with the defendant.
16         MR. JENSEN:  No, your Honor.
17         THE COURT:  All right.  Are you satisfied that
18  he understands the rights he's waiving by pleading guilty
19  today?
20         MR. JENSEN:  Yes, Judge.
21         THE COURT:  In your judgment, is he capable of
22  understanding the nature of these proceedings?
23         MR. JENSEN:  Yes, your Honor.
24         THE COURT:  Do you have any doubt at all about
25  his competence to plead at this time?

11

Proceedings

1        MR. JENSEN:  None whatsoever.

2        THE COURT:  Have you advised him of the

3   sentencing scheme including the maximum sentence and fine

4   that could be imposed on him in this case?

5        MR. JENSEN:  I have, Judge.

6        THE COURT:  Have you discussed with him the

7   operation of the sentencing guidelines and how those

8   guidelines could affect his case?

9        MR. JENSEN:  Yes, your Honor.

10       THE COURT:  Now, Mr. Porter, turning back to

11  you.  In addition to your anticipated plea, it is my

12  understanding that you intend to waive indictment here.

13  I have before me a proposed information.  Mr. Porter, do

14  you have a copy of the information as well?  Or maybe

15  your lawyer can give you a copy.

16       THE DEFENDANT:  Yeah, my lawyer does.  Yes,

17  sir.  Yes, your Honor.

18       THE COURT:  Do you have a copy of the

19  information?

20       THE DEFENDANT:  I do.

21       THE COURT:  All right.  So Mr. Porter, the

22  information charges you in a one-count information with

23  wire fraud conspiracy.  In a nutshell, it alleges that in

24  or about and between January 2024 and March 2024 within

25  the Eastern District of New York and elsewhere, you the

12

Proceedings

1   defendant together with others did knowingly and

2   intentionally conspire to devise a scheme and artifice to

3   defraud sports betting companies one and two, entities

4   and identities which are known to the U.S. Attorney's

5   Office, and to obtain money and property from sports

6   betting companies one and two by means of one or more

7   materially false and fraudulent pretenses,

8   representations, and promises, and for the purpose of

9   executing such scheme and artifice, to transmit and cause

10  to be transmitted by means of wire communication in

11  interstate and foreign commerce writings, signs, signals,

12  pictures, and sounds contrary to Title 18 USC Section

13  1343.  The information also contains the forfeiture

14  allegation as well.

15          Now, this information charges you with a very

16  serious felony.  The government normally can't come into

17  court and simply file a charge like this unless you agree

18  to it.  Under the United States Constitution, you have a

19  right to have the evidence presented to a grand jury of

20  at least 16 and not more than 23 persons and have that

21  grand jury determine whether or not there was probable

22  cause to believe you committed the crime alleged in this

23  information.

24          To get an indictment, the government would have

25  to persuade a majority of the members of the grand jury

13

Proceedings

1  that there was probable cause to believe that you

2  committed the offense contained in the proposed

3  information.  If the grand jury found probable cause,

4  they could return what is called an indictment against

5  you.  If they do not find probable cause, no charges

6  would be brought against you.

7          So when you waive indictment, you give up the

8  right to have the grand jury make that determination and

9  you're basically agreeing that it is okay with you for

10 the government to come to court and file the charge

11 directly.

12         Mr. Porter, have you discussed with your lawyer

13 the matter of waiving your right to indictment by a grand

14 jury?

15         THE DEFENDANT:  I have.

16         THE COURT:  All right.  Do you understand what

17 this right means, this right to have the government

18 present evidence to a neutral body of people and have

19 them make a probable cause determination?  Do you

20 understand that right?

21         THE DEFENDANT:  Yes, I do.

22         THE COURT:  Turning to you, Mr. Jensen, are you

23 satisfied that your client understands what it means to

24 waive indictment?

25         MR. JENSEN:  Yes, your Honor.

Transcriptions Plus II, Inc.

14

Proceedings

1      THE COURT:  Do you see any reason why the

2  defendant should not waive indictment?

3      MR. JENSEN:  No, your Honor.

4      THE COURT:  All right.  Turning back to Mr.

5  Porter.  I have before me a form entitled Waiver of an

6  Indictment.  The form states, "I understand that I have

7  been accused of one or more offenses punishable by

8  imprisonment for more than one year.  I was advised in

9  open court of my rights and the nature of the proposed

10  charges against me.  After receiving this advice, I waive

11  my right to prosecution by indictment.  I consent to

12  prosecution by information."

13      All right.  I'm going to hand this form to my

14  clerk.  I just want you to confirm your signature is on

15  this form.  All right.  Mr. Porter, is that your

16  signature on the waiver form?

17      THE DEFENDANT:  Yes, your Honor.

18      THE COURT:  Mr. Jensen, your signature as well?

19      MR. JENSEN:  Yes, your Honor.

20      THE COURT:  All right.  You can give the form

21  back to my clerk.

22      Now Mr. Jensen, did you witness your client

23  signing this form?

24      MR. JENSEN:  I did, Judge.

25      THE COURT:  All right.  Mr. Porter, before

Proceedings

15

1   signing this form, did you have a chance to discuss it

2   with your lawyer?

3            THE DEFENDANT:  Yes.

4            THE COURT:  All right.  And are you making the

5   decision to waive your right to be indicted by a grand

6   jury voluntarily?

7            THE DEFENDANT:  Yes, Judge.

8            THE COURT:  Has anyone forced or threatened you

9   to waive your right to be indicted by a grand jury?

10           THE DEFENDANT:  No.

11           THE COURT:  Do you in fact wish to waive your

12  right to be indicted by a grand jury?

13           THE DEFENDANT:  Yes.

14           THE COURT:  All right.  Having fully gone over

15  the defendant's rights to be indicted by a grand jury,

16  I'm finding that the defendant's waiver is knowing and

17  voluntary.  I'll accept the waiver and I will endorse it

18  at this time.

19           Now Mr. Porter, I have summarized the charge

20  against you contained in the proposed information a

21  moment ago.  Let me ask you this.  Have you had an

22  opportunity to carefully read the information that the

23  government is going to file against you?

24           THE DEFENDANT:  Yes, I have.

25           THE COURT:  All right.  And do you believe you

16

Proceedings

1  understand the charge against you?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Have you had a conversation with

4  your lawyer where he went over with you what the

5  government would have to prove beyond a reasonable doubt

6  in order to prove the charge if this case went to trial?

7  Have you had that conversation?

8          THE DEFENDANT:  Yes, Judge.

9          THE COURT:  In order for the government to

10  convict you of that offense, it would have to prove

11  several elements beyond a reasonable doubt.  At this time

12  I'm going to summarize those elements and when I'm done

13  I'm going to ask the government and your lawyer whether I

14  have accurately summarized the elements of the charge

15  against you.

16          Now, the charge contained within the

17  information alleges wire fraud conspiracy.  The elements

18  of that crime include the following.

19          First, two or more people formed an unlawful

20  agreement to commit the crime of wire fraud.

21          And second, you, the defendant, knowingly and

22  intentionally joined that conspiracy.

23          The underlying agreement, the agreement to

24  commit the wire fraud, would entail the elements of wire

25  fraud which are as follows.

17

Proceedings

1        First, there was a scheme or artifice to

2   defraud or to obtain money or property by materially

3   false and fraudulent pretenses, representations, or

4   promises.

5        Second, you, the defendant, knowingly and

6   willfully participated in the scheme or artifice to

7   defraud with knowledge of its fraudulent nature and with

8   specific intent to defraud.

9        And third, in the execution of that scheme,

10  you, the defendant, used or caused the use of interstate

11  wires.

12       Now, Mr. Porter, you are not being charged with

13  wire fraud directly.  You are instead being charged with

14  an agreement to commit that wire fraud.  Do you

15  understand the nature of what the government would have

16  to prove if this case were to go to trial?

17       THE DEFENDANT:  Yes, Judge.

18       THE COURT:  All right.  Let me turn to Mr.

19  Weintraub.  Have I accurately summarized the charge and

20  the elements?

21       MR. WEINTRAUB:  Yes, your Honor.

22       THE COURT:  All right.  And do you think

23  there's anything else I should advise the defendant with

24  regard to the essential elements of the crime to which

25  he's pleading guilty?

18

Proceedings

1          MR. WEINTRAUB:  No.

2          THE COURT:  All right.  Mr. Jensen, do you

3    agree?

4          MR. JENSEN:  Yes.

5          THE COURT:  All right.  What I want to do now,

6    Mr. Porter, is to go over with you the rights that you

7    have and the rights that you'll be giving up if you plead

8    guilty today.

9          First of all, you have the right to plead not

10   guilty.  Do you understand that?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  What this means is that even if you

13   are guilty, you have a choice.  It is up to you to decide

14   what to do, not your lawyer or anyone else.  You may

15   plead not guilty and persist in that plea of not guilty.

16   Let me rephrase that.  You may plead not guilty and

17   persist in that plea or plead guilty, as you apparently

18   wish to do.  If you were to persist in your plea of not

19   guilty, you may choose to go to trial.  Do you understand

20   that you have a choice here?

21         THE DEFENDANT:  Yes.

22         THE COURT:  If you plead not guilty to the

23   charge, you would have the right under the constitution

24   and the laws of the United States to a speedy and public

25   trial before a jury with the assistance of your lawyer on

19

Proceedings

1    the charge contained in the information.  Do you

2    understand that?

3                    THE DEFENDANT:  Yes.

4                    THE COURT:  At any trial, you'd be presumed

5    innocent.  You would not have to prove that you were

6    innocent.  Under our legal system, it is the government

7    that has the burden to prove beyond a reasonable doubt

8    that you're guilty of the crime charged.  If at any trial

9    the government would fail to meet that burden of proof,

10   the jury would have to find you not guilty.  Do you

11   understand that?

12                   THE DEFENDANT:  Yes.

13                   THE COURT:  That is why sometimes juries return

14   verdicts of not guilty even though the jurors believe

15   that the defendant on trial probably committed the crime

16   charged.  When a jury returns a not guilty verdict, the

17   jurors are not saying they believe the defendant's

18   innocent, they are merely saying they're not convinced

19   beyond a reasonable doubt that the defendant is guilty.

20   Do you understand that difference?

21                   THE DEFENDANT:  Yes, Judge.

22                   THE COURT:  Now, in the course of the trial,

23   witnesses for the government would have to come into

24   court and testify in your presence.  Your lawyer would

25   have the right to cross-examine each witness, to object

20

Proceedings

1    to the evidence offered by the government, and could

2    offer evidence on your behalf.  Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Your lawyer would also have the

5    right to subpoena or compel witnesses to come to court to

6    testify.  Do you understand?

7              THE DEFENDANT:  Yes.

8              THE COURT:  At trial, you would have the right

9    to testify on your behalf if you wanted to.  On the other

10   hand, you could not be forced to testify if you did not

11   want to.  Under the Constitution and the laws of the

12   United States, no person can be forced to be a witness

13   against himself.  And if you had a trial and did not

14   testify, Judge DeArcy Hall would instruct the jury that

15   they could not hold that against you.  Do you understand

16   that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  If instead of going to trial you

19   plead guilty to the crime charged in the information and

20   if Judge DeArcy Hall accepts your guilty plea, you'll be

21   giving up your constitutional right to a trial and all

22   the other rights I've just discussed.  There will be no

23   trial in this case.  The Court will simply enter a

24   judgment of guilty based on your plea.  Do you

25   understand?

21

Proceedings

1          THE DEFENDANT:  Yes, Judge.

2          THE COURT:  If you do plead guilty, I will have

3    to ask you questions about what you did in order to

4    satisfy myself and Judge DeArcy Hall that you are guilty

5    of the crime charged.  You're going to have to answer my

6    questions and acknowledge your guilt.  This means that

7    you'll be giving up your right not to testify against

8    yourself.  Do you understand that?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Also, if you enter a plea of guilty

11   today, and you admit the criminal conduct alleged in the

12   information and Judge DeArcy Hall accepts your plea, you

13   cannot appeal to a higher court on whether you committed

14   the crime or not.  That determination would be over as a

15   result of your guilty plea.  Do you understand?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Mr. Porter, are you willing to give

18   up your right to a trial and all the other rights I've

19   just discussed?

20         THE DEFENDANT:  Yes.

21         THE COURT:  I have before me a written

22   agreement between yourself and the government that's

23   dated today, July 10, 2024.  I'm going to ask my clerk to

24   pass it back to you.  What I want to do is confirm the

25   signatures on the agreement.  Mr. Porter, if you can turn

22

Proceedings

1  to the last page.  Is that your signature on the

2  agreement?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  All right.  And Mr. Jensen, did you

5  sign as well?

6          MR. JENSEN:  Yes, Judge.

7          THE COURT:  All right.  Mr. Weintraub, you also

8  signed the agreement, correct?

9          MR. WEINTRAUB:  Yes, your Honor.

10          THE COURT:  All right.  Why don't you hand the

11  agreement back to me?  Mr. Porter, do you have a copy of

12  the agreement?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Now, before you signed the

15  agreement, did you read the agreement carefully?

16          THE DEFENDANT:  Yes.

17          THE COURT:  All right.  And did you discuss the

18  agreement with your lawyer?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Do you believe you understand the

21  agreement?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Let me turn to the government.  Mr.

24  Weintraub, does the government represent that the

25  agreement before the Court contains the entirety Of any

23

Proceedings

1  understanding between the United States Attorney's Office

2  and this defendant?

3           MR. WEINTRAUB:  Yes, your Honor.

4           THE COURT:  All right.  Turning back to you,

5  Mr. Jensen.  Have you reviewed the agreement with your

6  client?

7           MR. JENSEN:  I have, your Honor.

8           THE COURT:  All right.  And Mr. Jensen, does

9  this agreement before the Court contain the entire

10  agreement between your client and the government?

11           MR. JENSEN:  Yes, your Honor.

12           THE COURT:  Turning back to you, Mr. Porter.

13  Is there anything in this agreement that is not clear or

14  that you need explained in any further detail at this

15  time?

16           THE DEFENDANT:  No.

17           THE COURT:  All right.  Other than the promises

18  contained in the agreement, has anyone made any other

19  promises that have caused you to plead guilty?

20           THE DEFENDANT:  No, Judge.

21           THE COURT:  What I want to do now is carefully

22  go over with you the penalties for the crime to which you

23  may be pleading guilty, and I'll be referring to the

24  agreement.

25           The statute you are accused of violating

24

Proceedings

1  carries a maximum sentence of 20 years.  There's no

2  mandatory minimum sentence.

3          In addition, if you are sentenced to a term of

4  incarceration, supervised release would likely follow.

5  The maximum term of supervised release is three years and

6  that would follow any term of imprisonment.  If a

7  condition of release were to be violated, you could be

8  sentenced to up to two years without credit for pre-

9  release imprisonment or time previously served on post

10  release supervision.

11         Supervised release is essentially like being on

12  probation or parole.  You have a probation officer and

13  there are a lot of rules you have to follow.  You have to

14  report to the probation department.  And if you were to

15  violate any of the rules of the supervised release, you

16  could go back to jail for up to two years.  Do you

17  understand all that?

18         THE DEFENDANT:  Yes.

19         THE COURT:  In addition, there could be a fine

20  imposed.  The amount of that fine could be the greater of

21  $250,000 or twice the gross gain or loss, whichever is

22  greater.

23         Let me turn to the government.  Mr. Weintraub,

24  based upon my understanding of the allegation in this

25  case, the fine amount could be significantly higher than

25

Proceedings

1    $250,000 under the statute.  Is that correct?

2              MR. WEINTRAUB:  That's correct, your Honor.

3              THE COURT:  All right.  Do you have an estimate

4    as to the gross gain or gross loss in this case?

5              MR. WEINTRAUB:  The government's investigation

6    is continuing to develop but a preliminary estimate is a

7    gross loss or gain of $196,000 dollars.

8              THE COURT:  Okay.

9              MR. WEINTRAUB:  That's just preliminary at the

10   moment.

11             THE COURT:  All right.  I understand that this

12   is preliminary.  Mr. Porter, twice that amount is about

13   $392,000.  Do you understand that?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  All right.  So Mr. Porter, you

16   could be subject to what we call the alternative fines

17   provision which means that twice the gross gain or loss

18   could be the maximum fine imposed in your case.  Do you

19   understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  All right.  Now, twice the amount

22   of the fraud could be the maximum fine under the statute.

23   You understand?

24             THE DEFENDANT:  Yes.

25             THE COURT:  All right.  Now in addition,

26

Proceedings

1  restitution is mandatory and that would be determined by

2  the Court at or after sentencing.

3           Mr. Weintraub, I'm going to turn back to you.

4  Do you have a sense of the restitution amount at this

5  time?

6           MR. WEINTRAUB:  Your Honor, as set forth in the

7  agreement, there are a certain amount of restitution we

8  have a sense in the amount of roughly 260,000 plus the

9  196,000.  That's the estimate at the moment.

10          THE COURT:  All right.  Mr. Porter, it's my

11 understanding that in the agreement you stipulated to a

12 certain amount of restitution.  Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Okay.  And the Court may also

15 impose additional restitution above and beyond that.  Do

16 you understand?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Okay.  Finally, the Court must

19 impose a $100 special assessment in every case.  That's a

20 per count assessment.  And since you'll be pleading

21 guilty to one count, that would be the amount of the

22 special assessment.  All right?

23          And you were born in this country, correct?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  All right.  So in the event you

27

Proceedings

1  were not a U.S. citizen, a conviction could result in

2  deportation.

3          All right.  Mr. Porter, do you understand all

4  of the potential penalties statutorily and otherwise that

5  could flow from pleading guilty here today?

6          THE DEFENDANT:  Yes.

7          THE COURT:  All right.  In light of all these

8  potential penalties, do you still wish to plead guilty

9  today?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  At this time, Mr. Porter, I want to

12  discuss with you the sentencing scheme and how it works

13  here in federal court.

14          Judge DeArcy Hall has substantial discretion at

15  the time of sentencing, but she does not have complete

16  discretion.  There are several factors that every

17  district judge must consider including the statutory

18  mandatory and minimum sentences set forth in the statute.

19  Here you have a maximum sentence but no minimum sentence.

20  The applicable sentencing guidelines and many other

21  factors set forth by law at Title 18 U.S. Code Section

22  3553(a).

23          Some of these factors include, but are not

24  limited to, the facts of your case, your personal history

25  and circumstances, the need for the sentence imposed to

28

Proceedings

1   reflect the seriousness of the offense, to promote

2   deterrence and respect for the law, and to provide just

3   punishment for the offense.  The sentencing court may

4   also consider the kinds of sentences available and what

5   type of sentence is appropriate to give you, the

6   defendant, with any needed educational or vocational

7   training, medical care, or any correctional treatment in

8   the most cost effective manner.

9           There are many, many things that the sentencing

10  court may consider in deciding what sentence to impose in

11  your case.  Do you understand that?

12          THE DEFENDANT:  Yes.

13          THE COURT:

14

15  The bottom line is that until the date of sentencing, you

16  cannot know with certainty what the guidelines will be or

17  whether there will be grounds to depart from them, or

18  whether the Court will impose a non-guideline sentence.

19  Do you understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  As a first step, the Court must

22  consider the advisory sentencing guidelines issued by the

23  United States Sentencing Commission in determining what

24  is a reasonable sentence in a criminal case.  While the

25  sentencing guidelines are only advisory now, they remain

29

Proceedings

1   an important consideration in sentencing and Judge DeArcy

2   Hall will take them into account in determining what

3   sentence to give you.  Do you understand?

4               THE DEFENDANT:  Yes.

5               THE COURT:  Have you discussed the sentencing

6   guidelines with your lawyer and how those guidelines are

7   calculated?

8               THE DEFENDANT:  Yes, Judge.

9               THE COURT:  As a second step, the Court must

10  consider whether there are any factors present that will

11  allow the Court to depart from the advisory guidelines

12  either upwardly or downwardly.  In addition, the Court

13  must consider the factors set forth in 18 USC Section

14  3553(a) against all the facts and circumstances of this

15  case.  And it may be that what is called a non-guideline

16  sentence may be appropriate.

17              The bottom line is that until the date of

18  sentencing you cannot know with certainty what the

19  guidelines will be or whether there will be grounds to

20  depart from them or whether the Court will impose a non-

21  guideline sentence.  Do you understand that?

22              THE DEFENDANT:  Yes.

23              THE COURT:  Prior to your sentencing hearing,

24  Judge DeArcy Hall will receive a pre-sentence report from

25  the probation department which will recommend a guideline

30

Proceedings

1    range.  Your counsel will have the opportunity to read

2    the pre-sentence report and challenge the facts in it or

3    guidelines calculation as reported by the probation

4    department.  Do you understand?

5                    THE DEFENDANT:  Yes, Judge.

6                    THE COURT:  Nevertheless, it's important for

7    you to know what the possible sentencing guidelines are

8    based upon the facts available at this point in time.

9    Keep in mind that this is a guess that could be wrong and

10   it is not binding on the parties or the Court.  Do you

11   understand that?

12                   THE DEFENDANT:  Yes.

13                   THE COURT:  Let me turn back to the government.

14   Mr. Weintraub, are you prepared to provide an estimate of

15   the guidelines that may apply in this case?

16                   MR. WEINTRAUB:  Yes, your Honor.  Taking into

17   account an expected reduction for acceptance of

18   responsibility and assuming that the defendant is in

19   criminal history category I, the government estimates

20   that the total adjusted offense level would be 22 which

21   carries an advisory guidelines range of 41 to 51 months

22   imprisonment.

23                   THE COURT:  Mr. Jensen, do you agree with that

24   estimate?

25                   MR. JENSEN:  Yes, your Honor.

31

Proceedings

1    THE COURT:  All right.  Turning back to Mr.

2    Porter.  Do you understand that this estimate of 41 to 51

3    months is only an estimate, it is not binding on the

4    government, probation, or Judge DeArcy Hall?  Do you

5    understand that?

6    THE DEFENDANT:  Yes.

7    THE COURT:  Do you also understand that if this

8    estimate is wrong, you will not be permitted to withdraw

9    your plea of guilty.  Do you understand that?

10    THE DEFENDANT:  Yes, Judge.

11    THE COURT:  Mr. Porter, it's important for you

12    to know that Judge DeArcy Hall is not bound by anything

13    in this agreement or what the government or your attorney

14    estimate the sentencing guidelines to be.  Judge DeArcy

15    Hall can sentence you according to her interpretation of

16    the sentencing guidelines and the law.  Do you

17    understand?

18    THE DEFENDANT:  Yes.

19    THE COURT:  Although Judge DeArcy Hall will

20    consider the sentencing guidelines as one factor in

21    determining what your sentence will be, she has the

22    authority under the law to decide upon and impose a

23    sentence that is more severe or less severe than the

24    sentencing guidelines.  Even if the sentence is more

25    severe than the guidelines, that in and of itself will

32

Proceedings

1    not form the basis of a successful appeal from the

2    sentence.  Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Finally, under the guidelines

5    sentencing system, there's no parole board or parole

6    commission.  What that means practically speaking is that

7    whatever sentence you do receive from Judge DeArcy Hall,

8    that'll be pretty close to the actual amount of time

9    you'll spend in prison.  You will not have the

10   opportunity to appeal to the parole board to get out

11   early because there's no parole board in the federal

12   sentencing system.  Do you understand that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  I want to note that in the

15   agreement as well you have agreed not to file an appeal

16   or otherwise challenge your conviction or sentence in the

17   event that the Court imposes a term of 57 months or

18   below.  What that means is that if Judge DeArcy Hall

19   ultimately sentences you to a term of incarceration of 57

20   months or below, you are waiving and would have no

21   opportunity to challenge your conviction or sentence by

22   filing an appeal or any type of petition or application.

23   Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  All right.  Now, the waiver I've

33

Proceedings

1    just discussed, is that voluntary?

2             THE DEFENDANT:  Yes, your Honor.

3             THE COURT:  Also, nothing in the waiver of

4    appellate or collateral review rights shall prevent you

5    from raising a claim of ineffective assistance of counsel

6    in an appropriate forum if you so desire.

7             Now at this time, Mr. Porter, do you have any

8    questions that you want to ask me about the charge, your

9    rights, or anything else relating to this matter that may

10   not be clear to you?

11            THE DEFENDANT:  No, Judge.

12            THE COURT:  All right.  Mr. Weintraub, do you

13   think there's anything else I need to advise the

14   defendant about at this time?

15            MR. WEINTRAUB:  No, your Honor.

16            THE COURT:  All right.  Mr. Jensen, turning to

17   you.  Do you know of any reason why your client should

18   not enter a plea of guilty to the charge?

19            MR. JENSEN:  No, your Honor.

20            THE COURT:  All right.  And are you aware of

21   any legal defense to the charge at this time?

22            MR. JENSEN:  No, your Honor.

23            THE COURT:  Turning back to Mr. Porter.  Are

24   you satisfied with your legal representation up until

25   this point?

34

Proceedings

1          THE DEFENDANT:  Yes.

2          THE COURT:  Are you ready to plead?

3          THE DEFENDANT:  Yes, Judge.

4          THE COURT:  Okay.  How do you plead to the sole

5    count of the information; guilty or not guilty?

6          THE DEFENDANT:  Guilty.

7          THE COURT:  Are you making this plea of guilty

8    voluntarily and of your own free will?

9          THE DEFENDANT:  Yes, Judge.

10          THE COURT:  Has anyone threatened or forced you

11    or pressured you to plead guilty?

12          THE DEFENDANT:  No.

13          THE COURT:  Other than the agreement before the

14    Court, has anyone made any promises to you that have

15    caused you to plead guilty?

16          THE DEFENDANT:  No.

17          THE COURT:  Has anyone promised you what

18    sentence you will receive from Judge DeArcy Hall if you

19    pled guilty?

20          THE DEFENDANT:  No.

21          THE COURT:  As I noted, it is a one-count

22    information.  Let me turn over to you.  At this time

23    could you tell me in your own words what you did that

24    would make you guilty of the charge of wire fraud

25    conspiracy?

Proceedings

35

1    THE DEFENDANT:  Yes, your Honor.  Between

2  January 2024 and March 2024, within the Eastern District

3  of New York and elsewhere, I knowingly agreed to

4  participate in a scheme to defraud sports betting

5  companies one and two, entities which are known to the

6  United States Attorney by profiting from bets made by

7  false pretenses.

8    In order to get out from under large gambling

9  debts accumulated over time, I agreed with my co-

10  conspirators to withdraw myself from certain professional

11  basketball games on the basis of reported illness or

12  injury so that my co-conspirators and I could bet on and

13  profit from successful bets on my expected performance

14  including bets made on my unders.  These bets were made

15  electronically across interstate wire.

16    I know what I did was wrong and unlawful, and I

17  am deeply sorry for my conduct.

18    THE COURT:  All right.  Let me turn to the

19  government.  Does the government think I need any further

20  allocution with respect to the charge?

21    MR. WEINTRAUB:  No, your Honor.

22    THE COURT:  All right.  And does the government

23  confirm that the elements have been satisfied?

24    MR. WEINTRAUB:  Yes, your Honor.

25    THE COURT:  Mr. Jensen, let me ask you do you

36

Proceedings

1   agree that the allocution is factually sufficient?

2           MR. JENSEN:  Yes, your Honor.

3           THE COURT:  Turning back to Mr. Weintraub.

4   Anything else needed for purposes of Rule 11?

5           MR. WEINTRAUB:  No, your Honor.

6           THE COURT:  All right.  Mr. Jensen, do you

7   agree?

8           MR. JENSEN:  Yes, your Honor.

9           THE COURT:  All right.  I do agree as well that

10  the allocution is factually sufficient.  The defendant

11  described the scheme and that he knowingly entered into

12  it and that the wires were transmitted to and from the

13  Eastern District of New York during the relevant time

14  frame, and that the defendant was a knowing participant

15  in this agreement.

16          Now, based on the information given to me, I

17  find that the defendant, Mr. Porter, is acting

18  voluntarily, that he fully understands the charge against

19  him, his rights, and the consequences of his plea, and

20  that there are factual bases for the plea as well, that

21  the plea did not result from any force, threats, or

22  undisclosed promises.  And it will be my recommendation

23  to Judge DeArcy Hall that she accept Mr. Porter's guilty

24  plea to the charge in the information.

25          I have been informed by Judge DeArcy Hall's

37

Proceedings

1  chambers that a sentencing hearing has been scheduled for

2  December 18, 2024 at 11 a.m.

3          Mr. Weintraub, at this time is there anything

4  else we should address as part of the guilty plea

5  proceedings?

6          MR. WEINTRAUB:  No, your Honor.

7          THE COURT:  All right.  Mr. Jensen, anything

8  else we need to discuss for purposes of the guilty plea?

9          MR. JENSEN:  No, your Honor.

10          THE COURT:  All right.  At this time because it

11  is the defendant's first appearance, I would like to go

12  off the record briefly and then re-call the case for

13  purposes of doing a determination regarding bond.  Okay?

14          MR. WEINTRAUB:  Yes, your Honor.

15          THE COURT:  All right.  We are off the record.

16                  (Matter concluded)

17                    -oOo-

18

19

20

21

22

23

24

25

38

# C E R T I F I C A T E

       I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

       I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

       IN WITNESS WHEREOF, I hereunto set my hand this **12th** day of **July**, 2024.

*Mary Greco*
Transcriptions Plus II, Inc.